Betty Anne Culberson CAIN, Plaintiff,

v.

Ellis CAMPBELL, Jr., District Director of Internal Revenue, Defendant.

Catherine E. Culberson BROWN, Plaintiff,

v.

Ellis CAMPBELL, Jr., District Director of Internal Revenue, Defendant.

Civ. A. Nos. 7989, 7990.

United States District Court
N. D. Texas,
Dallas Division.

July 7, 1959.

Wentworth T. Durant, Dallas, Tex. (attorney for plaintiff Cain).

W. B. West, III, U. S. Atty., Fort Worth, Tex., William N. Hamilton, Asst. U. S. Atty., Dallas, Tex. (counsel for the defendant, United States).

DAVIDSON, District Judge.

The above-styled cases having been consolidated for trial and the parties having stipulated all of the facts and the Court, having considered the stipulation of the parties, finds the facts and states the conclusions of law as follows:

## Findings of Fact

1. This is an action arising under the Internal Revenue Code of the United States, Title 26 U.S.C. § 1 et seq., over which this Court has jurisdiction under Title 28 U.S.C. § 1331 et seq.

2. Defendant, Ellis Campbell, Jr., is, and has been at all times pertinent to this action, District Director of Internal Revenue and a resident of Dallas, Texas.

3. (a) For the taxable year 1947, taxpayer Betty Anne Culberson Cain filed her income tax return under her then married name, Betty Anne Culberson Brock.

(b) For the taxable year 1947, taxpayer Catherine E. Culberson Brown filed her income tax return under her maiden name, Catherine E. Culberson.

4. Following a series of events hereinafter set forth, the defendant, on June 14, 1957, made assessments for the taxable year 1947 as follows:

(a) Assessed a deficiency in tax of $1,622.63 against Betty Anne Culberson

Cain, which assessment, with interest, totaled $2,523.08.

(b) Assessed a deficiency in tax of $4,620.30 against Catherine E. Culberson Brown, which assessment, with interest, totaled $7,184.25.

5. (a) On August 5, 1957, Betty Anne Culberson Cain paid to defendant $2,523.08 of the assessment for 1947. On August 14, 1957, Mrs. Cain paid $24.60 as additional interest, making total payments of $2,547.68.

(b) On August 5, 1957, Catherine E. Culberson Brown paid to defendant $7,184.25 on the assessment for 1947. On August 14, 1957, Mrs. Brown paid $70.07 as additional interest, making total payments of $7,254.32.

6. On August 30, 1957, both taxpayers, plaintiffs herein, filed claims for refund with the appropriate District Director of Internal Revenue. Each claimed refund of her respective total payment, plus interest thereon.

7. Said claims for refund were denied on April 23, 1958. These actions were filed on August 1, 1958.

8. The amounts claimed in said claims have not been refunded or credited to plaintiffs or any related party.

9. On January 1, 1945, a partnership known as the Culberson Chevrolet Co. was formed between plaintiffs herein and their father, Frank M. Culberson.

10. For the taxable year 1947, each partner timely filed his or her income tax return on the basis that the Culberson Chevrolet Co. was a valid partnership. Therefore, plaintiff Brown, then unmarried, reported her share of the partnership income on her income tax return for 1947; plaintiff Cain, then married to Charles C. Brock, reported one-half of her share of the partnership income on her separate income tax return for 1947, and Charles C. Brock reported the other one-half, his share of community income, on his separate income tax return for 1947. Each plaintiff paid the tax shown on her return to be due.

11. Said partnership remained intact until dissolved on July 16, 1948.

12. On June 6, 1949, a revenue agent's report was prepared which proposed that said family partnership was not valid for tax purposes and that all partnership income should be attributed to Frank M. Culberson.

13. Pursuant to said proposal, the District Director of Internal Revenue attributed all partnership income (i. e., each of plaintiffs' shares and the share of Frank M. Culberson) to Frank M. Culberson, which attribution resulted in income tax deficiencies for 1947 for the community of Frank M. Culberson and Esther A. Culberson, and in overassessments for 1947 for the plaintiffs and Charles C. Brock.

14. On July 29, 1949, certificates of overassessment were issued by the Internal Revenue Service to each taxpayer showing the following amounts of overassessments for the taxable year 1947:

| | |
|---|---|
| Mrs. Catherine E. Culberson Brown | $4,620.30 |
| Mrs. Betty Anne Culberson Brock | 1,622.63 |
| Mr. Charles C. Brock | 1,575.13 |
| Total | $7,818.06 |

15. On July 29, 1949, the overassessments determined against plaintiffs and Charles C. Brock were credited to the tax account of Frank M. Culberson by Schedule Number 150035. Each of the plaintiffs consented in writing to said credit.

16. On July 29, 1949, an additional assessment was made against Frank M. Culberson as follows:

| | |
|---|---|
| Deficiency in tax | $14,620.71 |
| Interest | 1,281.28 |

17. The assessment referred to above was satisfied by credits or payments as follows:

| | |
|---|---|
| Credit from Schedule 150035 7-29-49 | $4,620.30 |
| Credit from Schedule 150035 7-29-49 | 1,622.63 |
| Credit from Schedule 150035 7-29-49 | 1,575.13 |
| Paid on 10-4-49 | 2,374.83 |
| Paid on 11-24-49 | 2,374.83 |
| Paid on 12-9-49 | 3,334.07 |

18. By claims for refund dated December 7, 1951, in the respective amounts of $11,170.79 and $11,190.59, Frank M. Culberson and Esther A. Culberson contested the attribution to Frank M. Culberson of all 1947 income of the Culberson Chevrolet Co. Said contest was made on the ground that the partnership was valid for tax purposes.

19. When the claims for refund were denied, Frank M. Culberson and Esther A. Culberson filed suits in the United States District Court for the Northern District of Texas (Civil Nos. 6011, 6012, respectively) based on said claims. On January 17, 1956, the Court found that the partnership was valid for tax purposes. Judgment was entered for Esther A. Culberson in the amount of the claim for refund plus interest. Judgment for Frank M. Culberson was entered in the amount of $3,334.27; the remainder of his claim was barred by the statute of limitations (which had been affirmatively pled by defendant) as relating to amounts which had not been paid within two years of the filing of the claim for refund on December 7, 1951.

20. The said amount of $3,334.27 was the only amount referred to in No. 17 above to have been refunded or credited to Frank M. Culberson, the plaintiffs herein, or any related party.

21. In August of 1956, the Commissioner of Internal Revenue determined that plaintiffs' income for the taxable year 1947 should be adjusted to re-include their respective shares of the Culberson Chevrolet Co. partnership's income for said year, which shares the Court had determined were not attributable to Frank M. Culberson.

22. Pursuant to the Commissioner's determination, on June 14, 1957, defendant assessed the deficiencies, plus interest, as set out in No. 4 above.

### Conclusion of Law

That the Commissioner of Internal Revenue, by the defendant as his agent, was barred by the statute of limitations from assessing the taxes involved in this action against the plaintiffs.

It is so ordered.